IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. : 8:07-CV-1935-T26-MSS

AHMET H. HEPSON,

                Plaintiff,

v.

J.C. CHRISTENSEN AND ASSOCIATES, INC.;
AND "ROSE WAGNER"

                Defendants.
_____/

**COUNTY OF** _____ )
                              )
**STATE OF** _____ )

### Affidavit of Delilah M. Stellmach

BEFORE ME, the undersigned duly authorized in the County and State aforesaid to administer oaths, personally appeared **Delilah M. Stellmach**, having been duly sworn, deposes and says:

1. My name is Delilah M. Stellmach, and I am over 18 years of age and am competent to testify to the matters herein. I have personal knowledge of the facts recited in this affidavit.

2. I am the Compliance Director of J.C. Christensen and Associates, Inc. ("J.C. Christensen") which is a third-party collection agency located at 215 North Benton Drive, Sauk Rapids, Minnesota 56379.

3. Resurgent Capital Services retains J.C. Christensen and Associates, Inc. to recover outstanding balances due on its behalf.

4. On or about October 26, 2006, J.C. Christensen received an account from Resurgent Capital Services bearing the name and address of the Plaintiff, Ahmet Hepson, located at 275 Herons Run Drive, Apartment 707, Sarasota, Florida 34232. The referral balance as represented by Resurgent Capital Services was for $2,024.17 plus $664.01 in interest.

5. Based upon knowledge and belief that the proper party to be listed as creditor was Resurgent Capital Services and that the account balance was correct, J.C. Christensen mailed an initial collection communication to Mr. Hepson on October 27, 2006. Pursuant to J. C. Christensen's policies and procedures, the required validation


EXHIBIT 1

language under the federal Fair Debt Collection Practices Act was included in the correspondence.

6. On or about November 21, 2006, J.C. Christensen received correspondence from Mr. Hepson dated November 16, 2006 in which Mr. Hepson disputed owing the underlying debt and requesting J.C. Christensen provide validation of said debt.

7. On or about November 21, 2006 and November 30, 2006, the correspondence was documented in the collection notes associated with Mr. Hepson's account with a "disputed" status code and the account was ceased of all collection activity.

8. Mr. Hepson's correspondence was forwarded to the client in order to verify and validate the creditor and balance prior to any further collection activity to be conducted by J.C. Christensen on Mr. Hepson's account.

9. J.C. Christensen's maintains policies and procedures which require disputes to be reported to its clients and to request and provide verification if available to consumers pursuant to the provisions of the Fair Debt Collection Practices Act.

10. J.C. Christensen made no further collection attempts or communications after on November 30, 2006.

11. Mr. Hepson's account was closed by J.C. Christensen on December 8, 2006 and returned to Resurgent Capital Services.

_____
Delilah M. Stellmach
Compliance Director
J.C. Christensen and Associates, Inc.

Subscribed and sworn to before me
this 24th day of September, 2008.

_____
Notary Public

ERICA LYNN OPATZ
NOTARY PUBLIC-MINNESOTA
My Comm. Exp. Jan. 31, 2009