UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AHMET HEPSON,

    Plaintiff,

v.                                          CASE NO: 8:07-cv-1935-T-26EAJ

J.C. CHRISTENSEN AND ASSOCIATES, INC.,
et al.,

    Defendants.
_____/

## **O R D E R**

Before the Court are Plaintiff's Motion for Summary Judgment and attachments (Dkt. 32), the Response in Opposition filed by Defendant J.C. Christensen and Associates, Inc. (Christensen) with attachments (Dkt. 34), Defendant Christensen's Motion for Summary Judgment (Dkt. 30), and Plaintiff's Memorandum in Opposition. (Dkt. 33). After careful consideration of the motions and the entire file, the Court concludes that both motions should be denied.

**PERTINENT FACTS**

Plaintiff, a consumer, filed this action for (1) $1,000 statutory damages and actual damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA); and (2) $1,000 statutory damages and punitive damages under the Florida Consumer Collection Practices Act, Chapter 559 of the Florida Statutes (FCCPA), section

559.77, Florida Statutes. (Dkt. 1). The complaint also seeks costs and attorney's fees. The only remaining Defendant in this case is Christensen, a debt collection agency. This action travels on the original complaint, save for any claim under the Florida Statutes. (Dkt. 36).[1] Both parties have filed cross-motions for summary judgment.

On October 26, 2006, Resurgent Capital Services (Resurgent) sent Christensen an account to collect. The account bore the name of the Plaintiff, Ahmet Hepson, with an address in Sarasota, Florida. The balance on the account was $2,024.17, plus $664.01, for a total of $2,679.18. (Dkt. 32, Depo. of Stellmach p. 35). On the same day, Resurgent initially sent the first amount, $2,024.17, and then later the same day, Resurgent sent an adjustment to the amount of $664.01, denoted as "an interest adjustment." (Dkt. 32, Depo. of Stellmach p. 35-36). On October 27, 2006, Christensen, on behalf of its client Resurgent, mailed an initial written communication to Plaintiff that reflects the amount due of $2,679.18, and references Resurgent as the creditor.

On November 16, 2006, Plaintiff wrote a letter stating that he had never had an account with Resurgent and had never dealt with Christensen. On November 21, 2006, Christensen received the written communication from Plaintiff in which he disputed owing the underlying debt. (Dkt. 1, Exh. B). He made no mention of disputing the amount of the debt, only that he did not owe any debt at all to Resurgent. (Dkt. 1, Exh. B). Christensen documented the file as being "disputed" and directed no other

---

[1] This Court denied an amendment to the complaint, and Plaintiff aptly concedes that this action will proceed on the federal claim only. (Dkt. 37).

communications to Plaintiff and attempted no other collection efforts. The account was cancelled. Plaintiff testified at his deposition that he never heard back from Christensen once he sent the November 16th letter.[2] Thereafter on December 21, 2006, Resurgent sent a letter to Plaintiff demanding $1,955.30, a different amount from that in the letter sent by Christensen, and asserting that the creditor was LVNV Funding, LLC, not Resurgent. It stated that "OSI/Gulf State Credit," presumably the creditor, had been acquired by LVNV Funding LLC.

The complaint alleges that Christensen violated "one or more provisions of the FDCPA and FCCPA" and further delineates those violations as "including but not limited to" several actions, specifically the failure to correctly identify the original creditor and the failure to represent the correct amount of the debt in violation of 15 U.S.C. § 1692e and § 1692f. The complaint further alleges that the FCCPA is "in conflict" with the FDCPA as it relates to the knowledge requirement on the part of the creditor for these two

---

[2] Once the debt is called into question by the consumer, then the debt collector must "cease collection of the debt." 15 U.S.C. § 1692g(b). There is no further duty placed upon the debt collector such as taking some affirmative action with regard to the debt. Shimek v. Weissman, Nowack, Curry & Wilco, P.C., 374 F.3d 1011, 1014 (11th Cir. 2004). There is no question that Christensen ceased all collection activities once Plaintiff requested validation of the debt. Ms. Stellbach testified that the specific file indicated that Christensen "ceased" the file which meant that all of the telephone numbers were removed from the computer, thereby prohibiting Christensen from placing any more telephone calls to Plaintiff. (Dkt. 30, Exh. 3, p. 41). The FDCPA does not require that the debt collector take some affirmative action other than to cease collecting the debt.

violations— failure to correctly identify the creditor and failure to state the correct amount of the debt.

The compliance director of Christensen, Delilah Stellmach, avers that Resurgent retains Christensen to collect outstanding balances owed. (Dkt. 30, Exh. 1). Based on the information given to Christensen, Resurgent was the proper party to be named as creditor and the amount was correct. (Dkt. 30, Exh. 1). In her deposition, Ms. Stellmach testified that Christensen has no way of determining whether the information provided by clients such as Resurgent was correct with respect to the amount or the true identity of the creditor. (Dkt. 30, Exh. 3). The validation information Christensen uses is simply the information it receives from the client, which in this case was Resurgent. (Dkt. 30, Exh. 3).[3] Ms. Stellmach testified first that the money was owed to Resurgent, but also testified that the debt was due to LVNV Funding, LLC, based on prior dealings with Resurgent. (Dkt. 32, Depo. of Stellmach pp. 26-27). With respect to the amount due, Ms. Stellmach testified that she never received any information from anyone that the amount of $2,679.18, was ever incorrect. (Dkt. 32, Depo. of Stellmach p. 66).

Ms. Stellmach testified regarding the procedures in place for avoiding error. (Dkt. 32, Depo. of Stellmach pp. 11-18). After the information is received from a client, like Resurgent, one of two financial client service representatives at Christensen input the information into an Artiva Collection System. (Dkt. 32, Depo. of Stellmach pp. 11 & 15).

---

[3] The fact sheet contains a reference to both Resurgent and Providian National Bank. (Dkt. 30, Exh. 2).

She agreed that sometimes the information sent in by the client is incorrect. (Dkt. 32, Depo. of Stellmach pp. 16-17, 60-61). She testified that Christensen has "processes in place that if information comes in incorrectly it's caught before it is loaded because of a verification process that we have in our downloads." (Dkt. 32, Depo. of Stellmach, p. 17). She testified that Christensen has no way of knowing whether the information sent by the client is correct. (Dkt. 32, Depo. of Stellmach p. 18).

Plaintiff testified at deposition, when asked if he remembered having a Visa card with Providian Bank, that he "may" have had a Visa card with them. (Dkt. 30, Exh. 6). He testified that he did not recall whether he had ever seen the account number before. (Dkt. 30, Exh. 6, p. 54). He had no information as to why he thought the amount listed on the communication from Christensen was inaccurate. (Dkt. 30, Exh. 6, p. 54).

## ARGUMENT

Christensen seeks summary judgment on the FDCPA claims based on disputed issues of fact. Plaintiff seeks summary judgment on the grounds that Christensen (1) falsely made a demand for an amount not owed by Plaintiff in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f(1); (2) falsely misstated the entity that Plaintiff allegedly owed monies to, i.e., Resurgent, in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10); and (3) cannot claim the protection of the bona fide error defense at 15 U.S.C. § 1629k.

Specifically, in this case, Plaintiff claims that the amount of the debt listed on Christensen's letter was not owed at all, and, if it had been owed, it represented an incorrect amount in violation of §§ 1692e(2)(A) and 1692e(10). Plaintiff also claims that

the designation of the creditor as Resurgent was false because Resurgent was the client of Christensen, and that Christensen knew the debt was actually owed to LVNV Funding, LLC, not Resurgent.  Moreover, Christensen knew that the debt was probably originally owed to Providian National Bank on a Visa credit card.  Finally, Plaintiff argues that the bona fide error defense in unavailable because Christensen knew that Resurgent was not the true creditor when it received the account, it was aware that Resurgent has made errors in the past, and no procedure was in place to verify the accuracy of the account information provided.

## APPLICABLE LAW

The facts will be viewed in the light most favorable to the nonmoving party, as they must, on each respective motion.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1280 (11th Cir. 2004).  The Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003).

Under the FDCPA, §1692e(2)(A) makes it a violation for a debt collector to falsely represent "the character, amount, or legal status of any debt . . . ." Section 1692e(10) prohibits "the use or any false representation or deceptive means to collect or attempt to collect any debt . . . ."  Section 1692f(1) prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation)

unless such amount is expressly authorized by the agreement creating the debt of permitted by law." Section 1692k(c) provides that a debt collector "may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Generally, the courts employ the objective "least sophisticated consumer" standard in determining whether a violation of the FDCPA has occurred. Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1174-75 (11th Cir. 1985).

Some courts have construed the FDCPA to impose strict liability on the debt collector for misstatements of amounts owed. See Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1175 (9th Cir. 2006) (construing 15 U.S.C. § 1692e in agreement with Second and Seventh Circuits).[4] Section 1692e would be rendered superfluous if its violation needed to being done knowingly or intentionally; thus, § 1692k(c) must be construed to reach a commonsensical reading of § 1692 as a whole. Clark, 460 F.3d at 1176. That the FDCPA must be liberally construed to support its remedial nature, lends itself to arriving at the conclusion that the statute is a strict liability

---

[4] District courts in the Eleventh Circuit have found that the FDCPA is a strict liability statute, also. See, e.g., Ferguson v. Credit Mgmt. Control, Inc., 140 F.Supp.2d 1293, 1297 (M.D. Fla. 2001) (citing Kaplan v. Assetcare, Inc., 88 F.Supp.2d 1355, 1361-62 (S.D. Fla. 2000) and Russell v. Equifax, 74 F.3d 30, 33-34 (2nd Cir. 1996)); Stewart v. Slaughter, 165 F.R.D. 696, 699 (M.D. Ga. 1996).

one, even if a false representation is unintentional.  Id.  Thus, unlike section 559.72(9) of the FCCPA, the FDCPA does not require knowledge on the part of the debt collector.

Recognizing that the FDCPA is a strict liability statute, it is unnecessary for the plaintiff to prove that the debt collector's error was intentional.  Reichart v. National Credit Sys., Inc., 531 F.3d 1002, 1004 (9th Cir. 2008) (citing Clark).[5]  One narrow exception applies, however, to strict liability for certain violations of the FDCPA— the bona fide error defense.   15 U.S.C. § 1692k(c); Clark, 460 F.3d at 1177.  A debt collector may reasonably rely on information provided by the creditor under the bona fide error defense provided in § 1692k(c).  Id.  To prove this defense on summary judgment, the debt collector bears the burden of showing by a preponderance of the evidence (1) that the debt collector's error was bona fide and unintentional and (2) that the debt collector maintained reasonable procedures to avoid errors.  Johnson v. Riddle, 443 F.3d 723, 727 (10th Cir. 2006); Id.  A violation is considered unintentional if the debt collector can establish the lack of specific intent to violate the FDCPA.  Johnson, 443 F.3d at 728.

## ANALYSIS

### *The Debt*

With respect to the amount of the debt, Plaintiff claims that he did not owe any debt at all to Resurgent, and that, in any event, the amount first published to Plaintiff was

---

[5]  A single violation of any provision of the statute is sufficient to trigger liability. Ferguson, 140 F.Supp.2d at 1297 (citing Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997)); Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir. 1997).

obviously incorrect because of the later December 2006 letter from Resurgent in which the amount was inexplicably lowered. The testimony of Ms. Stellmach confirms that Christensen was unaware that the amount was anything other than the $2,679.18 listed in the sole letter it sent to Plaintiff. (Dkt. 32, Depo. of Stellmach p. 66). Christensen also points out that Plaintiff in his deposition testified that he "may" have heard of Providian Bank and that he "may" have had a Visa card there. (Dkt. 30, Exh. 6 p. 43). Plaintiff further testified that he had no information that would lead him to believe that the amount sought from Christensen was incorrect or that he did not owe that amount to a creditor. (Dkt. 30, Exh. 6 pp. 51-54). Plaintiff did not contest the amount in his November 2006 letter to Christensen; he only questioned that any debt was owed.

Assuming for this summary judgment proceeding that a violation occurred by requesting either an amount owed that was not, or an incorrect amount, the Court must next look to the affirmative defense of a bona fide error on the part of Christensen. First, a debt collector must show that reliance on the creditor's information was reasonable or that the debt amount is the same as that found in the creditor's report. Clark, 460 F.3d at 1177 (citing Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1032 (6th Cir. 1992)). In Smith, the court affirmed no violation where the creditor listed the wrong amount of the debt and the debt collector merely transferred this incorrect information to the communication sent to the consumer. Smith, 953 F.2d at 1032. There, the court found that the $10 discrepancy in the amount due and the amount listed constituted a clerical error and the bona fide error defense was proven by the debt collector. Id. The defense

was established by the debt collector's proof that it employed procedures reasonably adapted to prevent errors in amounts referred for collection. Id.  The plaintiff in Smith brought no facts forward to challenge the procedure articulated. Id.

Second, a debt collector must do more than file an affidavit or declaration asserting that procedures exist to watch for and prevent errors. Reichert, 531 F.3d at 1004-1005. In Reichert, the debt collector's first demand letter stated that the debt was a particular amount. After verification of the debt, the collector sent another communication stating a different, increased amount, which included a $225 attorney's fee which was clearly not collectable. The collector added the amount at the direction of the creditor. Under these circumstances, the Ninth Circuit held that a past course of conduct in which the collector has relied on a particular creditor's representations and the creditor holds an unblemished history of providing reliable information is insufficient to prove that reliance is reasonable without more. "The fact that the creditor provided accurate information in the past cannot, in and of itself, establish that reliance in the present case was reasonable and act as a substitute for the maintenance of adequate procedures to avoid future mistakes." Reichart, 531 F.3d at 1007. The court articulated the following explanation of what constitutes reasonable reliance:

> A debt collector is not entitled under the FDCPA to sit back and wait until a creditor makes a mistake and then institute procedures to prevent a recurrence.  To qualify for the bona fide error defense under the FDCPA, the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors, including, but not limited to, errors in calculation and itemization.  The latter would include errors

-10-

>> in claiming collection expenses of the creditor that could not legitimately be part of the debt owed by the debtor.

Id.  The court made it clear that the "procedures themselves must be explained, along with the manner in which they were adapted to avoid the error."  Id. (citing Wilhelm v. Credico, Inc., 519 F.3d 416, 421 (8th Cir. 2008)).

The evidence confirms that Christensen did not contact Resurgent to confirm the validity of the debt.  Plaintiff readily admits, however, there is case law standing for the proposition that there is no duty for the debt collector to conduct an independent investigation of the debt information provided.  See, e.g., Jenkins v. Heintz, 124 F.3d 824, 833-34 (7th Cir. 1997); Smith, 953 F.2d at 1032.  The test, rather, is whether Christensen reasonably relied on the Resurgent's representation and whether Christensen had reasonable procedures in place to avoid making errors in the transfer of information from the client to the consumer.  Clark, 460 F.3d at 1177.  There is no evidence to suggest that Christensen did anything other than reasonably rely on Resurgent's provided information.  Soon after the first amount was provided, a second amount was added denoted as "interest adjustment."  There is no indication on this particular account that an error was made in the transfer of information from Resurgent to Christensen.

The testimony of Ms. Stellmach regarding the procedures Christensen implemented to avoid making errors in the inputting of information from its clients, for summary judgment purposes, rises to the level of a preponderance of the evidence.  Whether a jury, as finder of fact, would find these procedures sufficient and would render

a verdict in favor of Christensen or Plaintiff, however, must be left for trial. See Johnson, 443 F.3d at 728 (concluding that genuine issues of material fact regarding defense of bona fide error require case to go to jury).

*Name of Creditor*

A violation of §§1692e(2)(A) and 1692e(10) is considered unintentional if the debt collector can establish the lack of specific intent to violate the FDCPA. Johnson, 443 F.3d at 728. Whether Christensen knew that the creditor was an entity other than Resurgent or otherwise intentionally violated the statute, is unclear from the testimony and this record. In FDCPA cases, "the issue of intent becomes principally a credibility question as to the defendant's subjective intent to violate the [FDCPA]." Johnson, 443 F.3d at 728 (citations omitted). Based on the evidence in this case, the Court finds that genuine issues of fact exist with respect to whether Christensen subjectively intended to violate the statute with respect to the naming of the creditor. Id.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)   Plaintiff's Motion for Summary Judgment (Dkt. 32) is **DENIED**.

(2)   Defendant Christensen's Motion for Summary Judgment (Dkt. 30) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on November 5, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record