# BELL, ROPER & KOHLMYER, P.A.
## ATTORNEYS AT LAW

MICHAEL M. BELL
MICHAEL H. BOWLING
ERNEST H. KOHLMYER, III*
MICHAEL J. ROPER

*ALSO ADMITTED IN GEORGIA

2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150
FAX (407) 897-3332
E-mail: office@bellroperlaw.com
www.bellroperlaw.com

LYNN S. ALFANO
MARY GRACE DYLESKI
ANNA E. ENGELMAN
HAE J. KIM
KARA O. ROGERS
ESTEBAN F. SCORNIK
DALE A. SCOTT
JOSEPH D. TESSITORE
CINDY A. TOWNSEND
MARY J. WALTER
MOLLY E. YOUNG

June 26, 2008

*Sent via facsimile only (813) 254-2979*
Tim Condon, Esquire
Vollrath-Condon, P.A.
P. O. Box 1007
Tampa, Florida 3601

      Re:    *Hepsen v. J. C. Christensen & Associates, Inc.*
            Our File No.: 013-354

Dear Tim:

      I am in receipt of your recent discovery request and will forward on to my client for review. However, I must take this opportunity again to point out that the allegations contained in your client's Complaint as well as based your client's deposition testimony is without merit. In fact, my client's handling of this matter complies with the statutory provisions of the Fair Debt Collection Practices Act and Florida's state law equivalent. It is clear that your client has no basis to demonstrate any inaccuracy contained in the collection letter due to his lack of memory and that no further collection activity occurred once your client mailed his dispute letter. Further, you have provided no case law that supports your position that this is a per se violation to elect to cease collection activity upon receipt of a disputed account in which a consumer seeks verification.

      As I have mentioned before, the collection industry can no longer tolerate the practice of "settlement by capitulation" in which my clients are subject to broad and irrelevant discovery requests in hopes of satisfying unfounded "conspiracy theories" or force settlement due to increasing the costs of defense. As such, my client is forced to preserve its entitlement to potential attorney's fees and costs should we prevail in this case.

      Please find attached our proposed Motion for Entitlement to Attorney's Fees in the above referenced matter. This letter and the attached motion shall serve to fulfill the

# EXHIBIT "C"

Tim Condon, Esquire
June 26, 2008
Page 2

---

commencement of the twenty-one (21) day notice requirement under Rule 11 of the Federal Rules of Civil Procedure should you not voluntarily dismiss this lawsuit with prejudice.

As you are aware, Rule 11, Federal Rule of Civil Procedure, provides that by presenting to the court a pleading, written motion or other paper is certifying to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances that the pleading: (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation (2) that the claims and other legal contentions are warranted by existing law or by non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law; and (3) that the allegations and other factual contentions have been evidentiary supported. Since your factual allegations and legal theories of liability run contrary to the well defined Congressional purpose of the "30 day validation" period, continuing to maintain this lawsuit despite your experience in this area of the law would be considered "bad faith and for purposes of harassment" as that phrase is interpreted under the FDCPA.

Rule 11 contemplates that prior to the preparation and service of a Motion for Sanctions, counsel should give informal notice to the offending party by providing the party with an opportunity to withdraw its position or to acknowledge candidly that it does not currently have evidence to support the specified allegation. Please take the time to review our motion and give thoughtful consideration to your pending claims against our client. I would expect that 21 days from the date of this letter would be sufficient time to file your dismissal with prejudice.

Should you fail to take such affirmative action within this time, I will consider proceeding with the filing of a Motion for Sanctions pursuant to Rule 11.

Sincerely,

Ernest H. Kohlmyer, III

Enclosure

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. : 8:07-CV-1935-26-MSS

AHMET H. HEPSEN,

    Plaintiff,

v.

RESURGENT CAPITAL SERVICES, LP; J.C.
CHRISTENSEN AND ASSOCIATES, INC.;
"ROSE WAGNER"; AND LVNV FUNDING, LLC

    Defendants.
_____/

## DEFENDANT, J.C. CHRISTENSEN AND ASSOCIATES, INC.'S MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AGAINST PLAINTIFF, AHMET H. HEPSEN PURSUANT TO FED. R. CIV. P. RULE 11

COMES NOW, the Defendant, J.C. Christensen and Associates, Inc. (hereinafter referred to as "JCCA"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 11 and Local Rule 4.18, and file this their Motion for Attorney's Fees against Plaintiff, AHMET H. HEPSEN, and in support thereof states as follows:

1. Plaintiff originally initiated this lawsuit against the Defendant alleging violations of the Federal Fair Debt Collection Practices Act ("FDCPA") [Dk. .]

2. Defendant denied all liability and damages alleged by the Plaintiff in this matter and further maintain that the claims raised by the Plaintiff have no merit.

3. Plaintiff claims that he received a collection letter bearing the required 30 day validation seeking payment of a debt that he did not recognize as identified in the Complaint.

Page 1 of 4

4. Plaintiff claims that he then exercised his rights to dispute the validity of the debt and seek verification from the Defendant by submitting a written request within the 30 day period.

5. Upon receipt of the verification request and dispute, the Defendant followed the requirements of the FDCPA and ceased all further communication with the Plaintiff and requested verification from the creditor.

6. Shortly thereafter, the Defendant closed the account and returned the account to the creditor thus taking no further action to collect the debt against the Plaintiff.

7. Despite Defendant's full compliance with the FDCPA in handling his account, Plaintiff filed and continued to maintain this lawsuit without any factual evidence to support any violation of the FDCPA.

8. At no time did the Plaintiff inform the Defendant that he questioned the amount of the outstanding debt claimed owed to the original creditor.

9. Plaintiff's action in bringing and maintaining this lawsuit is clearly in bad faith and for purposes of harassment since his own deposition testimony indicates that he never received any communications from the Defendant after receipt of the initial collection communication.

10. Plaintiff's theory of liability is completely contrary to the Congressional intent of the validation procedure contained in the FDCPA and Plaintiff can cite to no case law which supports that the Defendant is strictly liable for any alleged errors in the dollar amount

Page 2 of 4

sought for collection or in the identification of the original creditor.

11.  On June 26, 2008, the undersigned counsel served correspondence pursuant to Rule 11 of the Federal Rules of Civil Procedure along with a PROPOSED Motion informing Plaintiff and Plaintiff's counsel of the Defendant's intention on moving for fees and costs regarding these claims under Rule 11 should Plaintiff proceed to litigate these claims beyond the safe harbor period. **[See attached Exhibit 1-Rule 11 "safe harbor" letter]**

12.  Plaintiff failed to respond to this notice and proceeded to continue to engage in extensive, irrelevant discovery requests.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S ATTORNEY FEE AWARD PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant seeks an award of reasonable attorney's fees and costs based upon the unnecessary costs and expenses incurred after Plaintiff and Plaintiff's counsel became aware that the pending claims lack legal or factual support to assert a violation of the FDCPA. Defendant also seeks an award of attorney's fees and costs based on the unnecessary costs and fees the Defendant was forced to incur defending itself against actions which are clearly compliant with the 30 day validation period pursuant to the FDCPA.

### *COMPLIANCE WITH LOCAL RULE 3.01(g)*

Defendant's counsel, in accordance with Local Rule 3.01 (g) personally contacted Plaintiff's counsel in an effort to resolve this matter without the need for Court intervention

without success. The undersigned complied with Rule 11 by providing Plaintiff with a letter explaining the basis for moving for sanctions and attaching a proposed motion for his review and consideration. Defendant certifies that more than twenty-one (21) days has expired from the date of service of the Rule 11 "safe-harbor" letter and proposed motion without action from the Plaintiff to cure the allegations contained in this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on _____, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to **Timothy Condon, Esquire**, Vollrath-Condon, P.A., Post Office Box 1007, Tampa, FL 33601.

/s/ Ernest H. Kohlmyer, III, Esquire
Ernest H. Kohlmyer, III, Esquire
BELL, ROPER & KOHLMYER, P.A.
Florida Bar No.: 0110108
2707 East Robinson Street
Orlando, FL 32803
407-897-5150
407-897-3332 (fax)
E-Mail: SKohlmyer@bellroperlaw.com
Attorneys for Defendant

Page 4 of 4

# VOLLRATH-CONDON, P.A.
## Attorneys at Law
Frederick W. Vollrath, Esq. - fredvollrath@aol.com
Timothy Condon, Esq. - tim@timcondon.net
P.O. Box 1007, Tampa, Florida 33601
(813) 251-2626   Fax: (813) 254-2979


June 30, 2008

Ernest Kohlmyer, III, Esq.
Bell & Roper & Kohlmyer, P.A.
2707 E. Jefferson Street
Orlando, FL 32803

   Re: Hepsen v. J.C. Christensen & Associates, Inc.

Dear Skip:

  I am in receipt of your June 26, 2008, letter threatening Rule 11 sanctions against our client and our firm.

  Threatening sanctions in this way is a bullying tactic designed to enable exactly the behavior Congress passed the FDCPA to prevent. This is especially true in the context of FDCPA actions where the financial resources of collectors and their lawyers outmatch those of the plaintiff.

  I remind you that the goal of Rule 11 sanctions is to reduce not only frivolous claims, but also frivolous defenses, motions and other maneuvers. The court has discretion to sanction either side. It is your proposed motion, rather than our claim, which lacks merit.

  The FDCPA is a broad remedial statute to be construed liberally in the consumer's favor. It is a strict liability statute and a single violation is sufficient to trigger liability. Here, it is clear that defendants attempted to collect an amount other than that actually due (indeed, two different amounts were alleged – they cannot both be correct). In addition, your client failed to adequately validate the alleged debt because they did not provide the creditor's full name and address (and there is no case law in the Eleventh Circuit indicating anything less is sufficient). Moreover, your client admitted in deposition that the name of the creditor on the dunning letter was wrong and that J.C. Christensen knew it to be wrong. Plaintiff has properly pleaded this claim, and has provided more than sufficient evidentiary support in the form of the exhibits attached to the complaint.

  Vollrath-Condon, P.A. is engaged in socially responsible litigation that Congress has declared to be very much in the

Correspondence from Vollrath-Condon, P.A.
June 30, 2008
Page 2

public interest. We vindicate statutory rights of great public importance by fighting to eliminate abusive debt collection practices which are endemic to the collections industry. I want to remind you now that courts do not look favorably upon groundless Rule 11 threats that are designed only to bully and intimidate the least sophisticated consumer. As such, I advise you not to file your motion.

                                            Yours very truly,

                                            Timothy Condon,

TC/klb