IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

AHMET HEPSEN,

    Plaintiff,

vs.                    CASE NO.: 8:07-cv-1935-T-EAJ

J.C. CHRISTENSEN AND
ASSOCIATES, INC.,

    Defendant.
_____/

## MOTION FOR SUPPLEMENTAL AWARD OF ATTORNEY FEES

Plaintiff Ahmet Hepsen ("Hepsen" or "the plaintiff") hereby moves the Court for a supplemental award of attorney fees against defendant J.C. Christensen and Associates, Inc. ("J.C. Christensen" or "the defendant") pursuant to the provisions of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. §1692k(a)(3), and in support thereof would state as follows:

    1. On July 23, 2009 the above-captioned action was tried before the Court at a bench trial (Dkt. 60). On September 22, 2009 the Court found in favor of Hepsen and awarded him $500 in damages (Dkt. 68). On September 23, 2009 a Judgment was entered by the Clerk (Dkt. 69).

    2. On September 30, 2009 Hepsen filed a Motion for Award of Attorney Fees and Costs and Memorandum of Law in Support Thereof (Dkt. 70) (hereinafter sometimes referred to as "the original motion for attorney's fees"), which he would hereby

reallege and incorporate as if more fully stated herein.

3. After the above-said motion for attorney's fees was filed with the Court, J.C. Christensen filed a Motion for Reconsideration on October 2, 2009. As a result, Hepsen was required to prepare and file within ten days "[a] response that includes a memorandum of legal authority in opposition to the request." Local Rule 3.01(b).

4. On October 8, 2009 Hepsen filed a memorandum in opposition to the motion for reconsideration filed by J.C. Christensen (Dkt. 72). In the memorandum Hepsen points out that the motion failed to even meet the standard for review of motions for reconsideration in general, much less point out to the Court new law, "clear and obvious error" or facts that the Court originally did not take into consideration. Accordingly, all time spent by both Hepsen in preparing and filing a memorandum in opposition and the Court in reviewing both the motion and the memorandum was essentially unnecessary and therefore wasted. Such waste suggests a further reason that a fee enhancement multiplier should be awarded.

5. A copy of the time records for the preparation and filing of the above-said memorandum is attached as Exhibit "A," and the time reflected thereon is reasonable.

6. Attached as Exhibit "B" is an Unsworn Declaration of Reasonableness of Attorney's Fees with regard to the time reflected on Exhibit "A".

WHEREFORE, plaintiff would move the Court for a supplemental award of attorney's fees for 9.5 hours of additional work in the above-captioned action at the rate of $350 per hour, for a supplemental lodestar award amount of $3,325.00.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 9, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

s/ Timothy Condon
TIMOTHY CONDON, ESQ. FBN 217921
307 South Fielding Avenue, #2
Tampa, Florida 33606-4126
813-251-2626   Fax 813-200-3395
Email: tim@timcondon.net
COUNSEL FOR PLAINTIFF