UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AHMET HEPSEN,**

    Plaintiff,

vs.                                          **Case No. 8:07-CV-1935-T-EAJ**

**J.C. CHRISTENSEN AND ASSOCIATES,
INC., et al.,**

    Defendants.
_____/

## **ORDER**

Before the court are **Defendant's Motion for Reconsideration** (Dkt. 71) and **Plaintiff's Response in Opposition to Defendant's Motion for Reconsideration** (Dkt. 72). For the reasons stated, Defendant's request that the undersigned reconsider the court's September 22, 2009 order (Dkt. 68) is **DENIED**.

A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. <u>Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.</u>, 169 F.R.D. 680, 685 (M.D. Fla. 1996). There are three grounds justifying reconsideration of an order: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice. <u>Id.</u> at 684-85.

In the instant motion to reconsider, Defendant does not argue that there has been an intervening change in controlling law, present previously unavailable evidence or show that reconsideration is necessary to correct a clear error or manifest injustice. Defendant merely reiterates the same arguments raised at trial. Specifically, Defendant contends that Plaintiff failed to demonstrate that the underlying debt was a consumer debt under the Fair Debt Collection

Practices Act ("FDCPA"). Defendant also asserts that there was no evidence that Defendant incorrectly stated the amount of the debt in its demand letter. The court has already considered and rejected Defendant's arguments. Thus, the court concludes that Defendant has failed to meet the Rule 59(e) standard and the motion is denied.[1]

Therefore, the request contained in **Defendant's Motion for Reconsideration** (Dkt. 71) that the undersigned reconsider the court's September 22, 2009 order (Dkt. 68) is **DENIED**..

**DONE** and **ORDERED** in Tampa, Florida on this 19th day of October, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[1] Defendant also argues it is renewing its motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) (Dkt. 71 at 1). However, Rule 50 has no application where the case is tried by a judge without a jury. Schlitt v. Florida, 749 F.2d 1482, 1482-83 (11th Cir. 1985).