# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**AHMET HEPSEN,**

    Plaintiff,

vs.                                        **Case No.  8:07-CV-1935-T-EAJ**

**J.C. CHRISTENSEN AND ASSOCIATES,
INC., et al.**

    Defendant.

_____/

## FINAL ORDER

Before the court is Plaintiff Ahmet Hepsen's **Motion for Award of Attorney Fees and Costs** (Dkt. 70), **Motion for Supplemental Award of Attorney Fees** (Dkt. 73), **Verified Second Motion for Second Supplemental Award of Attorney Fees** (Dkt. 95), **notices of supplemental authorities** (Dkts. 94, 96), and Defendant J.C. Christensen and Associates, Inc.'s **responses** (Dkts. 74, 81, 98) and **related filing** (Dkt. 76).[1]

Following a bench trial, the court awarded Plaintiff $500.00 in damages under the Fair Debt Collections Practices Act ("FDCPA") for Defendant's failure to identify the current creditor and misstating the amount of debt in a demand letter to Plaintiff.  Plaintiff requests $54,273.50 in attorneys' fees and $1,706.10 in costs as the prevailing party pursuant to 15 U.S.C. § 1692k(a)(3).[2] Specifically, Plaintiff seeks reimbursement for a total of 165.6 hours of work performed by his attorneys Timothy Condon ("Condon"), Paul Hagglund ("Hagglund"), and Frederick Vollrath

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 41).

[2] Plaintiff originally urged the court apply a 2.5 multiplier to his fees and costs request, seeking a total of $126,187.35 (Dkt. 70 at 21).  Plaintiff has withdrawn this request (Dkt. 93).

("Vollrath") at the hourly rate of $350.00, and reimbursement for 3.3 hours of work by paralegals at their firm at the rate of $95.00 per hour.

**1.     Legal Framework**

Title 15 U.S.C. § 1692k(a) of the FDCPA provides:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(3). The award of attorneys' fees to a prevailing party is mandatory under the FDCPA. Valencia v. Affiliated Group, Inc., No. 07-61381-CIV, 2009 WL 4893113, at * 2 (S.D. Fla. Sept. 21, 2009).

In evaluating Plaintiff's request for attorneys' fees, the court employs a three-step process. Gray v. Fla. First Fin. Group, 359 F. Supp. 2d 1316, 1318 (M.D. Fla. 2005). First, the court must determine whether Plaintiff is the prevailing party. Id. Second, the court must calculate the lodestar, which is the number of reasonable hours spent working on the case multiplied by a reasonable hourly rate. See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). Third, the court must determine whether an adjustment to the lodestar is necessary based on the results obtained. See ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). Further,

> [t]he court ... is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.

Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citation and internal quotations omitted). The fee applicant bears the burden of establishing entitlement and documenting appropriate hours and hourly rates. Webb v. Bd. of Educ. of Dyer County, 471 U.S. 234, 242 (1985); Barnes, 168 F.3d at 427.

In this case, Defendant does not contest Plaintiff's status as the prevailing party (Dkt. 74 at 4). But Defendant contends that (1) Plaintiff's suggested hourly rate of $350.00 is unreasonable, and (2) the total hours expended are excessive. Defendant submits that the court should apply either a line-by-line analysis to reduce Plaintiff's hours or an across-to-board reduction of 50 per cent to the total number of hours.

**2.   Lodestar Calculation**

    **a.   Reasonable Hourly Rate**

Plaintiff states that $350.00 is a reasonable hourly rate as Condon has been awarded this rate in FDCPA cases in the past. Defendant asserts that $250.00 is reasonable because it is the prevailing rate for FDCPA cases in Tampa and this case was not particularly complicated.

An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citations omitted). The party seeking attorneys' fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates," which normally requires "more than the affidavit of the attorney performing the work." Loranger, 10 F.3d at 781 (citation and internal quotations omitted). The court may consider

direct evidence of rates for similar services or opinion evidence about rates as well as its own expertise and judgment.[3]  Norman, 836 F.2d at 1299.

Plaintiff submits his attorneys' time records, Condon's affidavit attesting to his and co-counsels' education and experience in prosecuting FDCPA cases, and the affidavit of Kerry Brown, a local attorney, who states that Plaintiff's fee request is reasonable (Dkt. 70).  Condon and Vollrath have been members of the Florida Bar since 1976 and 1973, respectively; they have tried cases in the Middle District of Florida and Florida state courts and have argued appeals before the Eleventh Circuit Court of Appeals.  Hagglund has practiced law in Florida since 1976 and has tried cases and handled appeals in Florida state courts.  Condon states that their normal hourly rate is $350.00, with paralegals from their office charging $95.00.  Plaintiff also submits supplemental filings attaching state court cases in which a $350.00 hourly rate was approved for Condon and other FDCPA attorneys in Tampa.

Defendant offers the affidavit of its counsel, Ernest Kohlmyer ("Kohlmyer") (Dkt. 74, Ex. 2).  Kohlmyer attests to charging Defendant $225.00 per hour to defend this case and states that FDCPA attorneys in the Tampa area generally receive $175.00 to $250.00 per hour.  Defendant also submits the affidavit of Dale Golden, a local FDCPA attorney who asserts that $250.00 is the

---

[3] The court may also consider the relevant factors as set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).  See Loranger, 10 F.3d at 781 n. 6.  The Johnson factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the degree of skill necessary to serve the client properly; (4) the attorney's inability to accept other employment because he accepted the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of damages involved and the relief or results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases.  Johnson, 488 F.2d at 717-19.

maximum reasonable hourly rate for FDCPA attorneys in the Tampa area (Dkt. 76). Attached to Defendant's opposition are an orders of United States District Judge James Moody in 2005 awarding Vollrath $250.00 per hour in attorney's fees in a FDCPA case and United States District Judge Richard Lazzara in 2008 refusing to award Condon and Vollrath $350.00 per hour in attorneys' fees (Dkt. 74, Ex. 3-4).

Recently, courts in the Middle District of Florida have awarded attorneys' fees under the FDCPA ranging from $200.00 to $350.00 per hour. Compare Selby v. Christian Nicholas & Assoc., Inc., No. 3:09-CV-121-J-34JRK, 2010 WL 745748 (M.D. Fla. Feb. 26, 2010) (finding $200.00 per hour reasonable for all four of plaintiff's attorneys) with Rodriguez v. Fla. First Fin. Group, No. 06-CV-1678-Orl-28DAB, 2009 WL 535980, at * 7 (M.D. Fla. Mar. 3, 2009) (finding $350.00 hourly rate reasonable in case with particularly difficult defendant). See also Valencia, 2009 WL 4893113, at * 7 (reducing hourly rate in FDCPA case from $350.00 to $300.00 for plaintiff's counsel with over ten years of experience).

Plaintiff's lead counsel has practiced almost exclusively in the area of consumer law for over 25 years. Even considering this experience, however, $350.00 is excessive. This type of FDCPA action is of a routine, straightforward nature. Condon has litigated these issues numerous time; this case did not present novel issues. With this in mind, $350.00 is unreasonable. See Valencia, 2009 WL 4893113, at * 7. Since this case was tried, it required a certain amount of expertise in both the FDCPA and federal civil procedure and trial practice. Under the circumstances, a reasonable hourly rate for Plaintiff's counsel is $300.00, not $350.00. Regarding the prevailing rate for paralegal work, $95.00 per hour is reasonable. See Selby, 2010 WL 745748, at * 5 (reducing paralegal hourly rate from $125.00 to $95.00).

**b.     Reasonable Hours Expended**

In determining the reasonable number of hours spent prosecuting the case, this court should exclude those hours which are excessive, redundant, or otherwise unnecessary. Norman, 836 F.2d at 1301 (citation omitted). Either an hour-by-hour analysis of the requested hours or an across-the-board reduction can be used if necessary to reduce the number of hours to those deemed reasonable. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351-52 (11th Cir. 2008) (per curiam). An across-the-board reduction is appropriate where billing records are so voluminous that an hour-by-hour analysis would require the court to "engag[e] in the pick and shovel work necessary to make a more precise determination." Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008). An across-the-board reduction is also warranted due to "vague entries and excessive billing." Id.

Plaintiff requests reimbursement for a total of 168.90 hours. In objecting to this amount, Defendant first asserts the time sheet utilizes "block billing" and aggregates multiple activities in a single entry without showing how much time was spent on each task. The court has broad discretion in determining the extent to which a reduction in fees is warranted by block billing. See Barnes, 168 F.3d 429 (criticizing block billing).

Defendant also contends that the total number of hours should be reduced due to Plaintiff's counsel's excessive and redundant billing and for work that is clerical in nature. Attorneys' fees are not recoverable for redundant time entries or for "work that is clerical or secretarial in nature." Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002).

In this case, an across-the-board percentage reduction is appropriate because Plaintiff's invoices contain numerous instances of excessive or redundant billing or vague time entries. For

example, on March 2, 2009,[4] Condon billed one hour to preparing for a five-minute hearing (see Dkt. 47). Later in the month, he spent 9.0 hours preparing for and attending a second unsuccessful mediation (see Dkt. 49).[5] On July 21, 2009, Condon spent 3.5 hours "begin[ning to] prepar[e] rough draft of findings of fact and conclusions of law for trial court," a task he purportedly began over a month earlier, on June 4, 2009, when he spent 5.0 hours on this task and other unspecified legal research.

On November 26, 2007, Condon billed .25 hours to "[r]eceive and review electronic notice or order promulgated by mail," when the only docket activity that occurred that day was a notice of appearance (see Dkt. 6). Similarly, on December 12, 2007, Condon billed twice (for a total of .5 hours) to "[r]eceive and review electronic notice or order promulgated by mail," although the most recent docket activity was a single endorsed order on December 11, 2007 (Dkt. 18). Similarly redundant time entries occurred on May 22, 2008, when Condon billed Plaintiff twice (totaling .75 hours) for reviewing the court's order granting the parties' joint motion to appear by telephone at mediation. An August 13, 2009 entry for .25 hours for reviewing a court order corresponds to minutes docketed after a hearing that were two sentences long (Dkt. 65). These are only a few examples of time entries that are not only excessive but vague.

There are also entries for non-compensable clerical work performed by an attorney. On August 25, 2007, Condon billed .25 hours to "[r]eceive discovery documents prepared by Hagglund; forward to assistant to save and print out for review; notes to file." On February 8, 2008, Condon

---

[4] Plaintiff's counsel's invoices are attached as Exhibit 1 to Condon's affidavit (Dkt. 70, Ex. A). Unless otherwise noted, the court's references are to time entries contained in this exhibit.

[5] Condon billed 4.5 hours to preparing for the first mediation in May 2008.

again billed .25 hours to "[r]eceive and review e-mail from assistant; prepare and send responsive e-mail," and on April 29, 2008, he billed .25 hours to "[r]eceive and review message from assistant; telephone conference with assistant regarding contacting opposing counsel; notes to file."[6]

Additionally, many of Plaintiff's time entries are "block billed" in that they list both clerical tasks as well as legal ones: On October 23, 2007, Condon billed an hour to "[p]repare summonses, federal court civil cover sheet, disk for filing; telephone conference with S&W detectives; notes to file." On May 22, 2008, Condon billed a half hour to "[r]eceive and review order granting joint motion to appear at mediation by telephone; telephone conference with assistant regarding mediation, deposition; notes to file." A January 20, 2009 entry for .8 hours includes time for "sign[ing], scan[ning], and email[ing]" a document to opposing counsel. Because the entries to not specify how much time was spent on the legal tasks as opposed to the clerical ones, the court is unable to deduct for the clerical work with any accuracy.

In addition, Condon billed for conferences with co-counsel which, given the routine nature of this case and Condon's years of experience in the field, were unnecessary.[7] Hagglund's and Vollrath's independent involvement in the case was unnecessary for the same reason. Moreover, although the time Plaintiff spent researching and drafting his motion for attorneys' fees and supplemental filings is compensable, a combined 15.0 hours for the task is unreasonable.[8] Plaintiff's

---

[6] Condon includes the phrase "notes to file" at the end of many of his time entries. This description is too vague and the court will not compensate him for this time. It is possible for Condon to include more detail while still maintaining the confidentiality of his work product.

[7] Plaintiff's counsel's invoices also include entries pertaining to work directed to a former Defendant who was dismissed from the case.

[8] Plaintiff billed 8.2 hours to drafting his original motion for fees and the remaining time drafting supplemental motions and a notice of authorities.

8

counsel and his firm have drafted many motions for attorneys' fees over the years and should be able to complete the task in less time.

For these reasons, an across-the-board reduction of 50 percent of the total hours billed by attorneys (165.6) is appropriate due to the excessive number of hours claimed, vague time entries, and billing for co-counsels' services which were unnecessary.[9] This yields a reasonable number of compensable attorney hours of 82.8. The total number of paralegal hours (3.3) will not be reduced because it appears reasonable.

The lodestar amount is the reasonable attorney hourly rate multiplied by the reasonable number of attorney hours ($300 x 82.8) plus the reasonable paralegal rate multiplied by the reasonable number of paralegal hours ($95.00 x 3.3). This equals $25,153.50.

     **c.**     **Reduction for Results Obtained**

The third step in the attorneys' fees analysis is to determine whether a further reduction is warranted based on the results obtained. See Barnes, 168 F.3d at 427. The lodestar must be reduced to reflect when a plaintiff's success or victory are limited. Norman, 836 F.2d at 1302. Fee awards, however, should not simply be proportionate to the results obtained by a plaintiff.

The FDCPA provides for recovery of actual damages, reasonable attorney's fees and "[s]uch additional damages as the court may allow, but not exceeding $1,000 ..." 15 U.S.C. § 1692k(a)(2)(A). In the complaint, Plaintiff sought to recover $1,000 in statutory damages against

---

[9] A 50 percent reduction is reasonable because the number of hours billed vastly exceeds what was necessary to prosecute Plaintiff's claims and it appears that at least half of Plaintiff's counsel's time entries lack sufficient detail to enable the court to determine the nature of the service provided. In making this determination, the court considers the time and labor required by Plaintiff's counsel, the degree of skill necessary to serve Plaintiff, Plaintiff's counsel's customary fee, fee awards in similar cases, and the experience of the attorneys, among other factors. See Johnson, 488 F.2d at 717-19.

each Defendant (there were four Defendants initially), $2,500 in actual damages, punitive damages of an unspecified amount, and costs and attorneys' fees (see Dkt. 1).

"[T]he relief a plaintiff requested is indeed relevant to determining the extent of that plaintiff's success." Fulford v. NCO Fin. Sys., Inc., No. 6:07-CV-1196-Orl-22KRS, 2008 WL 2952859, at * 11 (M.D. Fla. July 30, 2008) (citation and internal quotations omitted). Here, while Plaintiff was successful in recovering $500.00 after a one-day bench trial, he did not prove actual or punitive damages, as asserted in the complaint. Considering this, an additional 10 percent reduction of the lodestar is necessary. Applying this percentage, the lodestar amount of $25,153.50 is reduced to $22,638.15.

**3.     Costs**

Plaintiff seeks reimbursement for $1,706.10 in costs.[10] The FDCPA grants prevailing plaintiffs "the costs of the action." 15 U.S.C. § 1692k(a)(3). This district limits costs in FDCPA cases to those allowed under 28 U.S.C. § 1920. See Montgomery v. Fla. First Fin. Group, Inc., No. 06-CV-1639-Orl-31KRS, 2008 WL 3540374, at *15 (M.D. Fla. Aug. 12, 2008). Costs are only taxable if supported by documentation.

Defendant does not object to Plaintiff's costs except to argue that the $350.00 federal filing fee should be split into thirds because there were originally three Defendants. Defendant provides no support for this contention and the court rejects it. Defendant must reimburse Plaintiff the $350.00 filing fee pursuant to 28 U.S.C. § 1920(1).

---

[10] Plaintiff initially requested $2,141.10 in costs but reduced this by $435.00 to $1,706.10 after Defendant pointed out that Plaintiff's inadvertently requested a mediation fee twice.

Plaintiff is not entitled to reimbursement of $825.00 in mediation costs as these are not compensable under 28 U.S.C. § 1920. See Franklin v. Hartford Life Ins. Co., No. 8:07-CV-1400-T-23MAP, 2010 WL 916682, at * 5 (M.D. Fla. Mar. 10, 2010).

The $291.10 charge court reporter fee on November 6, 2008 is compensable but the $50.00 charge on June 6, 2008 charge for conference room reservation fee is not. See 28 U.S.C. § 1920(2),

Therefore, Plaintiff's costs are reduced by $875.00 to $831.10.

**4.     Conclusion**

As the prevailing party under the FDCPA, Plaintiff is awarded $22,638.15 in fees and $831.10 in costs for a total of $23,424.25. Defendant is directed to pay this amount to Plaintiff within thirty days of this order and to notify the court upon compliance. The Clerk shall enter judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida on this 1st day of April, 2010.

ELIZABETH A JENKINS
United States Magistrate Judge

11