IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

AHMET HEPSEN,

    Plaintiff,

vs.                                    CASE NO.: 8:07-cv-1935-T-EAJ

J.C. CHRISTENSEN AND
ASSOCIATES, INC.,

    Defendant.
_____/

## REQUEST FOR DETERMINATION OF REASONABLE AMOUNT OF ATTORNEY'S FEES TO BE AWARDED

Plaintiff Ahmet Hepsen ("Hepsen") hereby requests a determination by the Court as to the reasonable amount of appellate fees to be awarded to him pursuant to order entered by the 11th Circuit Court of Appeals, and in support thereof states as follows:

### I. FACTS AND PROCEDURAL BACKGROUND

1. On September 23, 2009 the Court entered a judgment in favor of the plaintiff (Dkt. 69) after a bench trial was held in the above-captioned action.

2. Defendant J.C. Christensen and Associates, Inc. ("J.C. Christensen") thereafter timely appealed the Court's ruling to the federal 11th Circuit Court of Appeals ("11th Circuit").

3. On June 17, 2010 the 11th Circuit handed down a decision affirming this Court's judgment entered in favor of Hepsen after bench trial; a mandate was issued by the 11th Circuit on July 16, 2010.

4. On July 15, 2010 Hepsen timely filed before the 11th Circuit an Application for Award of Appellate Attorneys Fees and Memorandum of Law in Support Thereof, a copy of which was filed with this Court after the application was granted by the 11th Circuit (Dkt. 121).

5. On September 16, 2010 the 11th Circuit entered an order granting Hepsen's application for award of appellate fees as to entitlement, and remanded the matter to this Court for a determination as to the reasonable amount to be awarded to Hepsen.

6. On September 20, 2010 a copy of the 11th Circuit order granting Hepsen entitlement to appellate fees was filed with this Court together with a copy of Hepsen's Application for Award of Appellate Attorneys Fees (Dkt. 121).

### III. ARGUMENT

Hepsen hereby realleges to this Court and incorporates for all purposes his Application for Award of Appellate Attorneys Fees and Memorandum of Law in Support Thereof filed with the 11th Circuit, including the Unsworn

declaration in Support of Application for Attorney's Fees, the 11th Circuit Form to Accompany Application for Attorney's Fees, and the Attachment to Form to Accompany Application for Attorney's Fees Specifying "Other" work Performed attached thereto (Dkt. 121).

On April 1, 2010, in granting Hepsen's original motion for award of attorneys' fees in this action, this Court entered a Final Order (Dkt. 103) finding that the attorneys' fee rate of $300 per hour was a reasonable hourly rate (rather than the $350 per hour requested by Hepsen). However, because representing an appellee in an appeal to the 11th Circuit takes a different set and type of skills from pursuing a claim before a trial level court, Hepsen should be awarded appellate fees at the rate of $350 per hour.

Accordingly, the Court should award fees to counsel for Hepsen in the amount of $21,035 as reflected in his Application for Award of Appellate Attorneys Fees and Memorandum in Support Thereof (Dkt. 121).

## II. MEMORANDUM

The Supreme Court has stated that "A request for attorney's fees should not result in a second major litigation....[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates....We reemphasize that the district court has

discretion in determining the amount of a fee award." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

Hepsen's entitlement to an award of attorney's fees in this instance has been established by the order entered by the 11th Circuit on September 16, 2010 (Dkt. 121).

Hepsen has documented the appropriate hours expended and his hourly rates in his Unsworn Declaration in Support of Application for Attorney's Fees attached to his Application for Award of Appellate Attorneys Fees (Dkt. 121).

Attached hereto as Exhibit "A" is an Affidavit as to Reasonable Hourly Fee Rate; it, together with the above documentation and support, is sufficient for this Court to rule on the amount of fees to be awarded pursuant to this motion.[1] *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994).

Opposing counsel in this action has in the past engaged in dilatory tactics and the misuse of the Federal Rules of Civil Procedure in order to attack, delay, and attempt to intimidate aggrieved consumers and their counsel from bringing actions under the federal Fair Debt Collection Practices Act ("FDCPA").[2] He

---

[1] Indeed, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

[2] See, e.g., the discussion of those tactics in the Verified Motion for Award of Attorney's Fees by Plaintiff Pursuant to 28 U.S.C. § 1927 in the case of *Bacelli v. MFP, Inc.*, Case No.

Page 4 of 6

has also shown a willingness to use "smear" tactics against counsel who bring entirely legitimate actions under the FDCPA, such as in this very action.[3] Accordingly, in order to forestall the type of "second major litigation" decried by the Supreme Court in *Hensley,* 461 U.S. at 437, Hepsen simply submits this motion and attached affidavit, and leaves the matter to the Court's own sound discretion.

### III. CONCLUSION

Appellate attorney fees should be awarded to plaintiff/appellee Ahmet Hepsen, pursuant to the 11th Circuit's order and the documentation submitted to that court (Dkt. 121), in the amount of $21,035.

Respectfully submitted,

/s/ Timothy Condon

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 29, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I

---

8:09-cv-1396-JDW-EAJ (M.D. Fla. September 8, 2010), being Document #85 on the docket of that action.

[3] See, Appellant's Brief (a copy of which has been previously provided to this Court) in *Hepsen v. J.C. Christensen and Associates, Inc.*, No. 10-12231 (11th Cir. 2010), for a discussion of the use of such tactics by opposing counsel.

further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

    /s/ Timothy Condon
TIMOTHY CONDON, ESQ. FBN 217921
307 S. Fielding Ave., #2, Tampa, FL 33606
Phone: 813-251-2626  Fax: 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF