IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

AHMET HEPSEN,

    Plaintiff,

vs.                            CASE NO.: 8:07-cv-1935-T-EAJ

J.C. CHRISTENSEN AND
ASSOCIATES, INC.,

    Defendant.
_____/

## MOTION FOR AWARD OF POST-JUDGMENT ATTORNEY'S FEES

Plaintiff Ahmet Hepsen ("Hepsen") hereby moves the Court pursuant to the provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(a)(3), for award of post-judgment attorney's fees in the above-captioned action, and in support thereof states as follows:

### I. FACTS AND PROCEDURAL BACKGROUND

1. On September 23, 2009 the Court entered a judgment in favor of the plaintiff (Dkt. 69) after a bench trial was held in the above-captioned action.

2. On April 2, 2010 the Court entered a Judgment in a Civil Case for fees which covered fees accrued by the plaintiff up to and including December 16,

2009.

3. Defendant J.C. Christensen and Associates, Inc. ("J.C. Christensen") thereafter timely appealed the Court's decision in favor of Hepsen to the federal 11th Circuit Court of Appeals ("the appeal").

4. After the last date that fees had been requested by Hepsen, December 16, 2009, and during the pendency of the appeal, the below-signed counsel continued representing Hepsen with regard to various legal issues and proceedings that occurred post-judgment in this action.

5. On June 17, 2010 the 11th Circuit rendered a decision affirming this Court's judgment entered in favor of Hepsen after bench trial; a mandate was issued by that court on July 16, 2010.

4. On July 15, 2010 Hepsen timely filed before the 11th Circuit an Application for Award of Appellate Attorneys Fees and Memorandum of Law in Support Thereof, a copy of which was filed with this Court after the application was granted by the 11th Circuit (Dkt. 121); none of the time and billing records submitted to the appellate court reflected time expended by Hepsen's counsel for necessary post-judgment representation of Hepsen by the below-signed counsel, and fees have not been awarded for time expended on behalf of Hepsen for those matters up to the date of this motion.

5. On September 16, 2010 the 11th Circuit entered an order granting Hepsen's application for award of appellate fees as to entitlement, and remanded the matter to this Court for a determination as to the reasonable amount to be awarded to Hepsen, thus ending the appellate court's labor with respect to J.C. Christensen's appeal in this action, and setting a deadline within which to file a motion for award of post-judgment fees.

6. Time and billing records for the time expended between December 17, 2009 and the date of this motion---none of which have heretofore been submitted to the Court for award as mandated under the FDCPA---are attached hereto. Attorney's fees should be awarded for the time reflected on those records as required by the FDCPA at 15 U.S.C. § 1692k(a)(3).

7. This Court has established in its order awarding fees entered on April 1, 2010 (Dkt. 103) that a reasonable hourly rate for representation of Hepsen by the below-signed counsel in this action is $300 per hour. Accordingly, the below-signed counsel has changed his normal billing rate of $350 per hour to $300 per hour in the attached time and billing records, reflecting reasonable fees requested of $9,150 for 30.5 hours of post-judgment legal work performed on behalf of Hepsen in this action.

## II. ARGUMENT AND MEMORANDUM OF LAW

The FDCPA provides at 15 U.S.C. § 1692k(a)(3) that in the case of "any successful action" by a consumer under its terms, the consumer is entitled to award of "a reasonable attorney's fee as determined by the court."

Hepsen, as an aggrieved consumer, brought this action and prevailed under the FDCPA. Accordingly, he was and is entitled to an award of attorney's fees. Accordingly, the Court awarded fees to Hepsen in this action in its Order entered on April 1, 2010 (Dkt. 103). However, the labors of counsel for Hepsen were not at an end, as shown by the time and billing records attached.[1]

The award of attorneys fees to counsel for successful plaintiffs in FDCPA actions is mandatory. It results from the stated Congressional intent to end abusive debt collection practices. *Johnson v. Eaton*, 958 F.Supp. 261, 264 (M.D. La. 1997). In litigation pursuant to the Fair Debt Collection Practices Act, the Second Circuit has stated, "Because the FDCPA was violated...the statute requires the award of costs and reasonable attorney's fee...." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989), citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989).

---

[1] Those time and billing records do not reflect time expended by Hepsen's counsel in representing him in either the appeal of J.C. Christensen from this Court's ruling after bench trial in *J.C. Chrtistensen and Associates, Inc. v. Hepsen*, No. 09-15435 (11th Cir. 2010), nor in Hepsen's appeal of the Court's Order awarding fees in *Hepsen v. J.C. Christensen and Associates, Inc.*, No. 10-12231 (11th Cir. 2010).

The FDCPA mandates award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as "private attorneys general."[2] *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). *See also DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

The standard for award of fees in federal fee shifting statutes---under the FDCPA as well as others---is that counsel for a prevailing plaintiff should be compensated for all hours that are "reasonably expended on the litigation." *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994), citing *Webb v. Board of Educ. of Dyer Co., Tenn.*, 471 U.S. 234, 242 (1985); *see also Hensley v. Eckerhart*, 461 U.S. 424, n8 (1983)

The question for the Court here is whether the post-judgment hours documented in the attached time and billing records were "reasonably expended" in the above action. The common definition of "litigation" is "a lawsuit," or "a judicial proceeding or contest." *See* http://dictionary.reference.com/browse/litigation (accessed September 30, 2010). Clearly, the post-judgment proceedings are part and parcel of "the

---

[2] This is precisely what Ahmet Hepsen and his counsel have acted as in bringing the above-captioned action.

judicial proceeding" in this action. Accordingly, the post-judgment fees expended on non-appellate matters are compensable under the fees awarding provision of the FDCPA at 15 U.S.C. § 1692k(a)(3) where a plaintiff bringing such an action has prevailed in a "successful action."

There is another reason that fees for post-judgment activity in this litigation should be awarded, and that is because it is the intent of Congress in passing the FDCPA that attorneys and consumers supposed to be **encouraged** to bring actions under "the FDCPA's calibrated scheme of statutory incentives [that are designed] to encourage self-enforcement." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, No. 08-1200, p. 32 (U.S. April 21, 2010) (2010). In addition, it is a matter within the Court's discretion to judicially notice under Fed.R.Evid. 201 that opposing counsel in this action, representing a debt collection company, J.C. Christensen and Associates, Inc., is paid for every minute he bills, whether pre-suit, during the trial portion of the suit, or for post-judgment matters.

Accordingly, to refuse to award fees to counsel for the prevailing plaintiff would not only place consumers and their counsel on a "lower plane" than counsel for debt collection companies---and thus at a disadvantage---but would also contravene the intent of Congress in passing the FDCPA and

designing it to be "self-policing" through the "calibrated scheme of statutory incentives to encourage self-enforcement" as recognized by the Supreme Court in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, No. 08-1200, p. 32 (U.S. April 21, 2010) (2010).

Finally, it should be noted that this Court is "an expert on the question [of reasonable attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

### III. CONCLUSION

Post-judgment attorney's fees should be awarded to plaintiff Ahmet Hepsen in this action for the hours reasonably expended post-judgment by his counsel on his behalf, all as reflected on the time and billing records attached, in the amount of $9,150.

Respectfully submitted,

/s/ Timothy Condon

### VERIFICATION OF ATTACHED RECORDS

I declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that the

time and billing records filed together with this motion are true and correct.

Executed on:

9-30-10
DATE

_____
BY: Timothy Condon, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/ Timothy Condon
TIMOTHY CONDON, ESQ.   FBN 217921
307 S. Fielding Ave., #2, Tampa, FL 33606
Phone: 813-251-2626   Fax: 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF